**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| LOUISIANA STATE BOARD OF MEDICAL EXAMINERS | * | CIVIL ACTION NO. |
| | * | |
| *Plaintiff* | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | *Formerly* In re: Arnold E. Feldman, |
| MD | | |
| ARNOLD E. FELDMAN, M.D. | * | Louisiana State Board of Medical |
| | * | Examiners Case No. 14-A-004 |
| *Respondent* | * | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C 1441 and 1446 (removal), 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1343(a)(3), (jurisdictional under 42 U.S. §1983), 28 U.S.C. 1367 (supplemental jurisdiction), and the All Writs Act, 28 U.S.C. §1651 (preserving federal court jurisdiction), Respondent Arnold E. Feldman, M.D. hereby removes the above entitled action **In the Matter of Arnold E. Feldman, Louisiana State Board of Medical Examiners (14-A-004)** to this Honorable Court based upon two orders received by fax and regular U.S mail within the last 30 days. These orders,[1] which purport to be judicial in nature and deny any meaningful discovery of exculpatory, impeachment or sentence related investigative material, are actually on the stationary of the "Director of Investigations" and indicate that Respondent is not receiving required due process of law under the 5th and 14th Amendments of the U.S. Constitution, and further illustrates that the entire adjudicatory proceedings are not fair and impartial; do not have even the appearance of fairness and impartiality; and, are a complete denial of due process, for which further exhaustion of administrative remedies is futile and will result in irreparable harm,

[1] Attached hereto as Exhibit "A."

further avers as follows:

1. Respondent Feldman is a 59 year old physician and board certified anesthesiologist residing at 17740 Lakeway Drive, Baton Rouge Louisiana 70810, since 2002, and is a citizen of the State of Louisiana.

2. Respondent is a graduate of the Medical College of Pennsylvania, with residency in anesthesia at the Harvard Medical School, who practices in the field of pain management. Dr. Arnold feldman is the sole member of the First Choice Surgery Center of Baton Rouge, LLC, ("First Choice") which is a state of the art surgery center. First Choice is an ambulatory surgery center which opened in 2006 and is licensed by the Louisiana Department of Health and Hospitals. First Choice is overseen by a Governing Body and the Respondent serves as the Medical Director. Dr. Feldman is the sole shareholder in a Mississippi Professional Corporation, Southwest Mississippi Anesthesia, P.A., Inc. d/b/a The Feldman Institute ("The Feldman Institute") operating at 505 E. Airport Drive, Baton Rouge, Louisiana. Respondent is a physician licensed in Louisiana, Mississippi, Alabama, and California, and is a Board Certified anesthesiologist who specializes in interventional pain management and the treatment of chronic pain disorder, including spinal disorders.[2]

3. Louisiana State Board of Medical Examiners ("LSBME") is an agency created within the Louisiana Department of Health and Hospitals ("DHH") operating from offices at 630 Camp Street, New Orleans, LA 70190-0250. The board performs judicial review and functions as a "state court" for removal purposes. Jurisdiction and venue are therefore proper in this district.

---

[2] *See* Arnold E. Feldman, M.D.'s *curriculum vitae* is attached hereto as Exhibit "B."

**STATUTORY AND REGULATORY BACKGROUND**

4. Besides licensing of "physicians, surgeons and midwives," under Title 37 of the Louisiana Revised Statutes, Chapter 15 part 1, §1261 et. seq., LSBME has the power to hold "adjudicatory proceedings", subpoena witness, investigate, revoke, suspend, or restrict the right of a medical doctor to practice medicine in Louisiana, but require the doctor to pay, without limitation, "*all the costs of the board proceedings, including but not limited to investigators', stenographers', attorneys' fees and witness' fees and the per diem and expenses of the members the board's hearing panel*, and to pay a fine not to exceed the sum of five thousand dollars." La. R.S. Title 37, Chapter 15 part 1, §1285. (emphasis supplied). The LSBME may assess these fees and costs, without regard to the outcome of the adjudication, pursuant to §1285 (C)(1).[3]

5. Respondent has no right to seek an interlocutory appeal or other judicial intervention by the Louisiana state courts of an unlawful, illegal or unconstitutional order of the LSBME (or indeed any board order). La. R.S. Title 37, Chapter 15 part 1, §1285(G). For reasons stated above, the Louisiana State Board of Medical Examiners functions as a state court with adjudicatory powers but without the requisite due process safeguarded by the Constitution of the United States.

6. Furthermore, the right to seek judicial review or appeal of a final order of LSBME in an adjudicatory proceedings is totally dependent on the ability of the doctor to post "security. . . [F]or that portion of a decision or an order pertaining to payment of a sum of money, *whether costs, expenses, a fine, or any combination thereof, the amount of*

---

[3] See *C. Ryan Haygood v. Louisiana State Board of Dentistry*, 2011-1327 (La.App. 4th Cir. 9/26/2012), 101 So.3d 90, *writ denied*, attached hereto as Exhibit "C." Financial penalty of $173,000 awarded.

*security shall be equal to the amount of the money portion of the decision; however, for good cause shown, it may exceed by one-half the amount of the money portion of the decision*" *supra,* §1285.3 (A)(1) (emphasis supplied). Furthermore, the security must be in cash or cash bond, as second mortgages on real estate with existing first mortgages are prohibited by §1285.3 (A)(2). Thus Respondent, like most practitioners who have first mortgages upon their real estate, does not have the financial ability to appeal at the conclusion of the proceedings and remain in practice at the same time.

7. LSBME does not utilize independent trained statutory Administrative Law Judges in its proceedings, as it is exempted by La. R.S 49:992 (D)(2)-(8). Instead, LSBME is empowered to adopt "rules, regulations and standards" necessary to carry out its duties, powers and functions". Thus, LSBME promulgated its own rules of procedure, codified at La. R.S. Title 46, Part XLV, Subpart 5, chapter 99. These "adjudicative enforcement" procedures provide for a written complaint to be filed with LSBME signed by the "investigating officer," in this case is Cecilia A. Mouton, who is referred to as "Director of Investigations". See chapter 99, *supra* §9901 et. seq. Cecilia A. Mouton also holds the position as Executive Director of the LSBME.

8. The orders that form the basis of this removal originated from Cecilia Mouton's Department of Investigations at the LSBME, while appearing to be entered by the Board president, Dr. Mark Dawson, and by presiding hearing officer Frederick Ellis, who was previously referred to in mailed, emailed or faxes communications by the parties and counsel as "Judge Ellis." Upon information and belief, Judge Ellis is a retired Louisiana State District Court and Appellate Court Judge. Judge Ellis holds a contract with LSBME to serve as independent legal counsel to LSBME.

9. The preamble of the statutory enabling act of the board, *supra* §1261.3 clearly declares "... that the practice of medicine, surgery, and midwifery is a *privilege granted by legislative authority and is not a natural right of individuals*. . ."(emphasis supplied). This is in direct contradiction to the holding of the Louisiana 4th Circuit Court of Appeals in the *Haygood vs Louisiana State Board of Dentistry* matter,[4] a decision invalidating a similar dentistry board hearing as a denial of due process because of lack of a fair and impartial hearing involving a "property rights":

> "It is unquestionable that Dr. Haygood has a *protected property right in his license to practice dentistry and that he is entitled to due process of law under both the federal* and state constitutions. See *Banjavich v. Louisiana Licensing Bd. For Marine Divers,* 237 La. 467, 111 So. 2d 505, 511 (La. 1959). A person cannot be deprived of life, liberty, or property without due process of law. U.S. Const. Amend. XIV, § 1; LA. CONST. Art. 1, § 2. Due process requires a fair trial before a fair tribunal. A due process violation may exist even if an adjudicatory body's actual impartiality is not proven. The appearance of fairness and the absence of a probability of outside influence on the adjudication are required by due process. *Utica Packing Co. v. Block*, 781 F.2d 71, 77-78 (6th Cir. 1986); Allen, 543 So. 2D at 915. (emphasis supplied)."

10. Moreover, the salaries of the officers, employees and board members who prosecute doctors are paid out of fines, penalties, attorney fee shifts and administrative charges placed upon doctors by the Board itself, and not by the State. See La. R.S. Title 37, §1269. Thus, this incentivizes the prosecutor (which here is the Director of Investigation, Mouton) to bring unnecessary, arbitrary, capricious, or frivolous cases against doctors, or to prosecute legitimate cases with excessive zeal, and to levy excessive fines and punishments. LSBME is first in the nation for "serious actions per 1,000 physicians" a score based on a State's physician population and the number of license revocations, surrenders, suspensions, restrictions and probations ordered by the State's Medical

[4] See *C. Ryan Haygood v. Louisiana State Board of Dentistry*, 2011-1327 (La.App. 4th Cir. 9/26/2012), 101 So.3d 90, *writ denied,* attached hereto as Exhibit "C."

Board."[5]

**OVERRIDING FEDERAL INTEREST**

11. There is overriding federal interest in these proceedings through a) Article IV of the U.S. Constitution, (the privileges and immunities clause guaranteeing the right to interstate travel and to practice a trade or occupation between the several states) and b) the 5th and 14th Amendment guarantee of procedural and substantive due process, and against unconstitutional takings of property.

12. Because of the Board's power to strip doctors of their 5th Amendment property rights in their right to practice their profession in Louisiana (and through reciprocal reporting agreements with other States in interstate commerce, the right to practice in other States as well); and, to prevent doctors from owning, operating or profiting from a licensed surgery center in Louisiana, (both of which are of great benefit to federal Medicare and Medicaid patients and disabled persons within the meaning of the Medicaid, Medicare, Affordable Care Act, the Americans with Disabilities Act and other federal statutes), there is overriding federal interest in these type of proceedings that trumps the state's interest in merely regulating the licenses of physicians. Besides constitutional due process and unconstitutional takings clause issues under the 5th and 14th Amendments, the 8th Amendment prohibition against excessive fines in criminal, *in rem* and forfeiture proceedings, the 4th Amendment right to be free of unreasonable searches and seizures, and right to effective counsel (including production of the right to exculpatory, impeachment materials pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963)); and, the Article IV privileges and immunities clause guaranteeing right to travel and practice trade

[5] See http://www.louisianamedicalnews.com/report-lsbme-best-at-doctor-discipline-cms-1844

or occupation across state lines, the U.S. Supreme Court recently granted certiorari to review a 4th Circuit Court of Appeals holding in *North Carolina State Board of Dental Examiners v. Federal Trade Commission* (4th Cir case #12-1172, cert granted at 13-534, March 3, 2014) that the federal antitrust law prohibition against unreasonable restraints of trade applies to state licensing boards.

13. Respondent is being deprived of life, liberty, or property without due process of law in violation of U.S. Const. Amend. XIV, § 1 and LA. CONST. Art. 1, § 2. Due process requires a fair trial before a fair tribunal.

**FACTS**

14. Since June 2014, Dr. Feldman has been a Respondent to the above referenced Complaint proceeding initiated by the Complainant Cecilia Mouton.

15. On November 6, 2014, the President of the Board, a Dr. Mark Dawson, granted the "request for reconsideration" filed on behalf of Cecilia Mouton, against the advice of his legal counsel, Judge Ellis' previous production order. The November 6, 2014 Order appears on the letterhead of the "Director of Investigations."

16. On November 13, 2014, Respondent received an Order[6] by fax and mail from independent counsel Frederick S. Ellis setting a status conference. Up until that point, all pretrial discovery matters had been referred to "Judge Ellis," as he was referred to by all parties and counsel. As noted above Judge Ellis is contracted independent legal counsel to LSBME itself. Also, the November 13, 2014 Order appears on the letterhead of the "Director of Investigations."

[6] Attached hereto as Exhibit "A."

17. Cecilia Mouton is the complaining witness to the charges against Respondent, also appears to the prosecutor, witness and judge, and she refuses to produce investigatory material, including exculpatory material, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963).

18. There is no impartial Administrative Law Judge to hear any pretrial motions for discovery, dismissal, summary judgment, recusal, or any other pretrial motion, resulting in direct violations of the Federal and Louisiana Constitution. Instead all such motions are directed to "Judge Ellis" for adjudication, who can be, and was freely overruled by LSBME or Director of Investigations.

19. During an informal conference, Cecilia Mouton, who is also Executive Director of the Board, orally ordered Respondent to fire a disabled person, medical assistant Dana Bramlett, who is protected under the American Disabilities Act, over whom the Board has no jurisdiction, pursuant to LA. R.S. §1360.38. "Exempting the employment of auxiliary personnel not recognized under this part." Mouton, at the same conference was belligerent and demanded that Respondent submit to the Physician's Health Foundation of Louisiana for drug screening procedures, which proved that he was not impaired or otherwise under the influence of drugs.

20. LSMBE is conducting an unconstitutional witch hunt and fishing expedition in order to bring up a myriad of trivial and hyper-technical charges with little or no foundation or relevance to Respondent's fitness to practice medicine.

21. This filing is timely pursuant to 28 USC 1446(B)(3). The November 6, 2014 Order constitutes an order or other paper, triggering the 30 day timeframe in which a notice of removal may be filed.

22. Respondent further respectfully requests that a pretrial schedule be established under the Federal Rules of Civil Procedure permitting affirmative defenses and counterclaims, and relief be afforded to these violations of Respondent's constitutional and statutory rights, included relief *pendente lite* upon the various jurisdictional bases aforesaid, as well as The All Writs Act, 28 USC 1651, which authorizes the United States federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Respectfully submitted.

/s/ F. Gerald Maples
F. GERALD MAPLES, ESQ.
365 Canal Street, Suite 1460
New Orleans, La. 70130
504-569-8732

*Dated: December 4, 2014*