| | | |
|---|---|---|
| C. RYAN HAYGOOD, DDS | * | NO. 2011-CA-1327 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| LOUISIANA STATE BOARD OF DENTISTRY | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

| | |
|---|---|
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| C. RYAN HAYGOOD, D.D.S. | NO. 2012-CA-0214 |
| VERSUS | |
| LOUISIANA STATE BOARD OF DENTISTRY | |
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| C. RYAN HAYGOOD, D.D.S. | NO. 2012-CA-0215 |
| VERSUS | |
| LOUISIANA STATE BOARD OF DENTISTRY | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2010-12060, C/W 10-12060, C/W 11-10167, DIVISION "K-5"
Honorable Herbert A. Cade, Judge
\* \* \* \* \* \*
**Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Judge James F. McKay III, Judge Terri F. Love, Judge Roland L. Belsome)

**BELSOME, J., CONCURS WITH REASONS**

Scott L. Zimmer
COOK YANCEY KING & GALLOWAY
333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120--2260

COUNSEL FOR PLAINTIFF/APPELLANT



M. Thomas Arceneaux
BLANCHARD WALKER O'QUIN & ROBERTS
400 Texas Street, Suite 1400
P.O. Drawer 1126
Shreveport, LA 71163--1126

    COUNSEL FOR DEFENDANT/APPELLEE

                                          **VACATED AND REMANDED**
                                               **September 26, 2012**

Dr. C. Ryan Haygood appeals the decision of the Louisiana State Board of Dentistry to permanently revoke his dentistry license. Dr. Haygood maintains that the Board's decision cannot be upheld because the Board's independent counsel, who is also its general counsel, participated in the administrative hearing in dual roles as prosecutor and adjudicator.

After conducting a *de novo* review, we find the combination of the Board's general counsel's roles of prosecutor and adjudicator violated Dr. Haygood's due process rights. We find the Board improperly combined the prosecutorial and judicial functions by allowing its general counsel, Mr. Brian Begue, to serve as the prosecutor, general counsel, panel member, and adjudicator for the proceedings against Dr. Haygood. We hold this conduct is violative of the Louisiana Administrative Procedure Act and Dr. Haygood's due process right to a neutral adjudicator and a fair hearing.

We find the Louisiana State Board of Dentistry's decision to revoke Dr. C. Ryan Haygood's dental license is arbitrary and capricious; therefore, we reverse the trial court's judgment which affirmed the revocation of Dr. Haygood's license and remand this matter to the Board for a new hearing.

1

## FACTS AND PROCEDURAL HISTORY

The Louisiana State Board of Dentistry ("Board") opened an investigation of Dr. C. Ryan Haygood, D.D.S. in 2007 after receiving complaints from some of his patients regarding the treatment plans he recommended and the dental care that he provided. Prior to filing formal charges against Dr. Haygood, an informal resolution conference was held, with Dr. Haygood denying all allegations of wrongdoing. Subsequent to Dr. Haygood's denial of the charges against him, Board member, Dr. Conrad McVea, directed the Board's investigator, Camp Morrison, "to send people in" to Dr. Haygood's office. According to Mr. Morrison, this was the first time that the Board had "sent people in to act as patients."

Mr. Morrison engaged multiple individuals at an hourly rate to pose as patients who purported to have various periodontal symptoms and complications and sought treatment from Dr. Haygood based upon their alleged conditions, including Dana Glorioso and Karen Moorehead. Ms. Glorioso worked for Dr. Louis Joseph, who was an active Board member at the time he recommended her to Mr. Morrison. Ms. Glorioso used the alias "Dana Brister" when she was examined Dr. Haygood. Karen Moorehead was recommended by Dr. White Graves, a former Board member and Ms. Moorehead's employer. Ms. Moorehead used the alias "Karen Hill" when she was treated by Dr. Haygood. Seven other patients were involved in the investigation against Dr. Haygood.

Formal charges were filed against Dr. Haygood at the conclusion of the investigation. The Board formally charged him with violating La. R.S. 37:776 (A)(16) (Charge 1) on nine occasions (Specifications 1 through 9), La. R.S. 37:776(a)(19) and La. R.S. 37:776(A)(15) (Charge 2) on three occasions

2

(Specifications 1 through 3) and La. R.S. 37:776(A)(7) and (8) (Charge 3) on three occasions (Specification 1 through 3). The nine specifications in Charge 1 alleged that Dr. Haygood engaged in conduct intended to deceive or defraud the public by fraudulently diagnosing periodontal disease and other dental conditions and intending to deceive the individuals regarding the necessity of treatment. Charge 2 alleged that Dr. Haygood improperly offered discounts in exchange for patient referrals. Charge 3 alleged Dr. Haygood failed to satisfy the prevailing acceptable standard of dental practice. Charge 3 and all specifications within it were dismissed by the Board's complaint counsel prior to deliberation.

Four different hygienists were involved with the care of the patients included in the charges against Dr. Haygood; however, only two of Dr. Haygood's hygienists, Julie Snyder and Wendy Greene, were formally charged and faced disciplinary action by the Board.

The Board's complaint counsel prosecuted the charges against Dr. Haygood. The Board's general counsel, Mr. Begue, was engaged by the Board to serve as independent counsel to rule on evidentiary matters. The three Board members who comprised the disciplinary panel for Dr. Haygood's hearing were Doctors Samuel Trinca, Dean Manning, and James Moreau, Jr.

At the conclusion of four days of testimony, the Board found Dr. Haygood guilty of eight specifications under two separate charges, ordered permanent revocation of his dentistry license, and assessed the maximum monetary fine allowed by law $40,000, awarding all costs at $133,074.02, for a total of $173,074.02.

Dr. Haygood appealed the Board's decision to the trial court, and posted the proper security. The trial court enjoined the Board from enforcing its decision for

3

the maximum amount of time allowed under the Dental Practice Act. The court also assessed costs against Dr. Haygood in the amount of $133,074.02.

After a two-day hearing, the trial court rendered judgment, which reversed the Board's decision to delete findings of fact as to which both parties agreed were either withdrawn during the administrative trial, or for which no evidence was adduced. The trial court affirmed the remainder of the findings, but remanded to consider whether the sanctions previously imposed remained appropriate.

The panel members subsequently issued an Amended Decision which, pursuant to the trial court's Judgment, eliminated the findings. However, the discipline remained. After the Board's complaint counsel filed a motion to amend, the Board issued an Amended Decision After Remand, deleted the $5,000 fine imposed for the Specification that had been removed by the trial court, but maintained the permanent license revocation, the $35,000 fine, and costs.

Dr. Haygood filed a Petition for Review with the trial court, contesting the Board's Amended Decision After Remand. The trial court issued a Judgment affirming the Amended Decision After Remand.

Dr. Haygood timely appealed both Judgments issued by the trial court.

## LAW AND DISCUSSION

*Standard of Review*

The trial court applies the manifest error standard of review in reviewing the facts as determined by the administrative tribunal; the trial court applies the arbitrary and capricious test in reviewing the administrative tribunal's conclusions and its exercise of discretion. *Save Ourselves, Inc. v. Louisiana Envtl. Control Comm'n*, 452 So. 2d 1152, 1159 (La. 1984); *Rochon v. Whitley*, 96-0835, p. 5 (La. App. 1 Cir. 2/14/97), 691 So. 2d 189, 192. An aggrieved party may obtain review

4

of any final judgment of the district court by appeal to the appropriate court of appeal. "On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal." *Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Div.,* 97-0121, p. 5 n. 5. *See* LA. CONST. art. V, § 5(C); *Donnell v. Gray,* 215 La. 497, 41 So. 2d 66, 67 (1949).

Moreover, "[a]ppellate review of a question of law involves a determination of whether the lower court's interpretive decision is legally correct." *Johnson v. Louisiana Tax Comm'n,* 01-0964, p. 2 (La. App. 4 Cir. 1/16/02), 807 So. 2d 329, 331. The trial court is required to conduct its review upon the record that was before the Board. *Crawford v. Am. Nat'l Petroleum Co.,* 00-1063, p. 6 (La. App. 1 Cir. 12/28/01), 805 So. 2d 371, 377. It considers only facts on the Board's record and questions of law. *Id.* According to the Louisiana Supreme Court in *St. Pierre's Fabrication and Welding, Inc. v. McNamara,* 495 So. 2d 1295, 1298 (La. 1986), the Board's findings of fact are to be accepted by the reviewing trial court where there is substantial evidence in the record to support them. These findings of fact are not to "be set aside unless they are manifestly erroneous in view of the evidence on the entire record." *Id.* at 1298. The Board's decision must be affirmed absent legal error or a failure to follow the correct procedural standards. *Collector of Revenue v. Murphy Oil Co.,* 351 So. 2d 1234, 1236 (La. App. 4th Cir. 1977); *Crawford, supra.*

The standard of judicial review of a decision of an agency is set forth in La. R.S. 37:786 and La. R.S. 49:964(G). La. R.S. 49:964(G) provides that:

> the court may reverse or modify the decision if substantial rights of the appellant have been prejudiced

5

>because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) manifestly erroneous.

The manifest error test is used in reviewing the facts as found by the administrative tribunal; the arbitrary and capricious test is used in reviewing the administrative tribunal's conclusions and its exercise of discretion. *Save Ourselves*, 452 So. 2d at 1159. On legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a *de novo* review of questions of law and renders judgment on the record. *See State, Through Louisiana Riverboat Gaming Comm'n v. Louisiana State Police Riverboat Gaming Enforcement Div.*, 95-2355, p. 5 (La. App. 1 Cir. 8/21/96), 694 So. 2d 316, 319.

***Commingling of Roles***

Dr. Haygood argues that he was not afforded due process at the hearing before the Board. He also contends that during four days of testimony, Mr. Begue "repeatedly interfered and zealously advocated on behalf of the Board by cross-examining witnesses, supplying objections to complaint counsel, and questioning the credibility of Dr. Haygood." The Board argues that Dr. Haygood's allegations of bias are unsubstantiated and do not warrant reversal of the revocation of his license under the *Allen* case. The Board contends that Mr. Begue's actions were to "expedite the process." We have comprehensively reviewed the transcripts of the four-day hearing, and we agree with Dr. Haygood's representation of Mr. Begue's actions.

***Mr. Begue's Appointment as Independent Counsel***

As the Board's general counsel, Mr. Begue is expected to serve in an

6

advocacy role on behalf of the Board. The Board's selection of its general counsel taints the role of independent counsel, which is a role that requires neutrality and independence and the appearance of neutrality and independence. "In light of the substantial powers given to administrative bodies, the courts must be vigilent [sic] in assuring that parties in administrative adjudications receive the procedural protections our law affords." *Allen v. Louisiana State Bd. of Dentistry*, 543 So. 2d 908, 915 (La. 1989). Mr. Begue's twofold role as prosecutor and adjudicator violated Dr. Haygood's right to a hearing that is fair and impartial and has the appearance of being fair and impartial.

There is a risk of commingling the prosecutorial and adjudicative functions of the Board when an independent counsel acts as prosecutor.

Title 46, Part XXXIII, § 923(D) of the Louisiana Administrative Code limits Mr. Begue's role to ruling on evidentiary matters. Section 923(D) provides:

> During and before an adjudication hearing, the chairman shall rule upon all evidentiary objections and other procedural questions, but in his discretion may consult with the entire hearing panel in executive session. At any such time, the hearing panel may be assisted by legal counsel, retained by the board for such purpose, who is independent of complaint counsel and who has not participated in the investigation or prosecution of the case. If the board or hearing panel is attended by such counsel, the chairman may delegate to such counsel ruling on evidentiary objections and other procedural issues raised during the hearing.

The type of commingling found in this case is strictly prohibited by the Louisiana Administrative Procedure Act. *See* La. R.S. 49:960.[1]

---

[1] La. R.S. 49:960 provides:
A. Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a case of adjudication noticed and docketed for hearing shall not communicate, directly or indirectly, in connection with any issue of fact or law, with any party or his representative, or with any officer, employee, or agent engaged in the performance of investigative, prosecuting, or advocating functions, except upon notice and opportunity for all parties to participate.
B. A subordinate deciding officer or agency member shall withdraw from any adjudicative proceeding in which he cannot accord a fair and impartial hearing or consideration. Any party may request the disqualification of a subordinate deciding officer or agency member, on the ground of his inability to give a fair and impartial hearing, by

7

*Procedural Management by the Board*

The chairman of the disciplinary committee, Dr. Trinca, delegated to the Board's general counsel and appointed independent counsel for the hearing panel "the obligation of ruling on all procedural and evidentiary issues raised during the hearing of this matter reserving the panel's right to overrule any decision made by the counsel." Mr. Begue's sole role during Dr. Haygood's hearing was to serve as independent counsel – as an unbiased hearing officer whose purpose was limited to ruling on evidentiary matters. However, he participated in the hearing before the Board's panel both as prosecutor and adjudicator. The Board condoned Mr. Begue's behavior and failed to acknowledge Dr. Haygood's objection that Mr. Begue was overstepping his role in the proceedings.

The record is replete with instances in which Mr. Begue acted as prosecutor throughout the proceedings, and at times, simultaneously acted as prosecutor, panel member and independent counsel – even ruling on his own objection. The Louisiana Supreme Court held,

> [w]e find the commingling of prosecutorial and adjudicative functions violates both the letter of the Louisiana Administrative Procedure Act and the due process goals it is designed to further ... The idea of the same person serving as judge and prosecutor is anathema under our notions of due process. Such a scenario is devoid of the appearance of fairness.

*In Re Georgia Gulf Corp. v. Bd. of Ethics,* 96–1907, p.7 (La. 1997), 694 So. 2d 173, 177. Without objection from the Board, Mr. Begue expanded his limited

---

filing an affidavit, promptly upon discovery of the alleged disqualification, stating with particularity the grounds upon which it is claimed that a fair and impartial hearing cannot be accorded. The issue shall be determined promptly by the agency, or, if it affects a member or members of the agency, by the remaining members thereof, if a quorum. Upon the entry of an order of disqualification affecting a subordinate deciding officer, the agency shall assign another in his stead or shall conduct the hearing itself. Upon the disqualification of a member of an agency, the governor immediately shall appoint a member pro tem to sit in place of the disqualified member in that proceeding. In further action, after the disqualification of a member of an agency, the provisions of R.S. 49:957 shall apply.

8

statutory duty. By allowing Mr. Begue to act as adjudicator and prosecutor, the Board violated Dr. Haygood's due process rights.

***Denial of Dr. Haygood's Due Process Rights***

It is unquestionable that Dr. Haygood has a protected property right in his license to practice dentistry and that he is entitled to due process of law under both the federal and state constitutions. *See Banjavich v. Louisiana Licensing Bd. For Marine Divers*, 237 La. 467, 111 So. 2d 505, 511 (La. 1959). A person cannot be deprived of life, liberty, or property without due process of law. U.S. Const. Amend. XIV, § 1; LA. CONST. Art. 1, § 2. Due process requires a fair trial before a fair tribunal. A due process violation may exist even if an adjudicatory body's actual impartiality is not proven. The appearance of fairness and the absence of a probability of outside influence on the adjudication are required by due process. *Utica Packing Co. v. Block*, 781 F.2d 71, 77-78 (6th Cir. 1986); *Allen*, 543 So. 2d at 915.

> Moreover, due process requires that the accused be provided with a neutral and impartial referee to impart fairness. The essential guarantee of the Due Process Clause is fundamentally fair procedure for the individual in the resolution of the factual and legal basis for government actions which deprive him of life, liberty or property. Therefore, there must be some type of neutral and detached decision maker, be it judge, hearing officer or agency. This requirement applies to agencies and government hearing officers as well as judges. An impartial decision maker is essential to due process. Even if an individual cannot show special prejudice in his particular case, the situation in which an official occupies two inconsistent positions, one partisan and the other judicial, necessarily involves a lack of due process.

*City of Alexandria v. Alexandria Civil Service Comm'n*, 09-484, p. 7 (La. App. 3 Cir. 11/4/09), 23 So. 3d 407, 413 (citations omitted).

9

The Louisiana State Board of Dentistry is a statutory agency created and governed by La. R.S. 37:753, *et seq.* La. R.S. 37:760A(4)(a) empowers the Board with the sole authority to revoke, limit or suspend licenses of dentists practicing in this state. The relevant provisions provide as follows:

> The board shall exercise, subject to the provisions of this Chapter, the following powers and duties:
>
> Conduct hearings on proceedings to revoke, limit, or suspend, and to revoke, limit, or suspend a license granted under this Chapter, as well as conduct hearings to sanction unlicensed persons illegally practicing dentistry or dental hygiene, when evidence has been presented showing violation of any of the provisions of this Chapter.

According to Title 46, Part XXXIII, § 923(B) of the Louisiana Administrative Code, the conduct of an adjudication hearing is explained as follows:

> At an adjudication hearing, opportunity shall be afforded to complaint counsel and respondent to present evidence on all issues of fact and argument on all issues of law and policy involved, to call, examine and cross-examine witnesses, and to offer and introduce documentary evidence and exhibits as may be required for a full and true disclosure of the facts and disposition of the complaint.

"An impartial decision maker is essential to an administrative adjudication that comports with due process, even if *de novo* review is available." *Butler v. Dep't of Public Safety and Corr.*, 609 So. 2d 790, 793 (La. 1992). In this case, the Board's failure to comply with Section 923(D) of the Louisiana Administrative Code and the expressed due process requirements of the Fourteenth Amendment of the United States Constitution and Article 1, Section 2 of the Louisiana Constitution, renders the decision to revoke Dr. Haygood's license unenforceable.

Based upon our review of the record, we find that Mr. Begue's functions of general counsel, independent counsel, prosecutor and fact-finder were so interwoven that they became indistinguishable, which created the appearance of impropriety and deprived the proceedings of the imperative and fundamental appearance of fairness. Therefore, the Board's decision to revoke Dr. Haygood's license must be reversed.

*Dr. Haygood's Remaining Issues*

Because we find that Dr. Haygood was denied due process and that this matter is to be remanded to the Board for a new hearing, we pretermit addressing the remaining issues raised by Dr. Haygood alleging other erroneous findings.

### DECREE

We conclude that the combination of Mr. Begue's roles of general counsel, prosecutor, and adjudicator violated Dr. Haygood's due process rights. We find the Board improperly combined the prosecutorial and judicial functions by allowing its general counsel, Mr. Begue, to serve as the prosecutor, general counsel, panel member and adjudicator for the proceedings against Dr. Haygood. We hold this conduct is violative of the Louisiana Administrative Procedure Act and Dr. Haygood's due process right to a neutral adjudicator and a fair hearing.

We find the Louisiana State Board of Dentistry's decision to revoke Dr. Haygood's dental license is arbitrary and capricious; therefore, we reverse the trial court's judgment, which affirmed the revocation of Dr. Haygood's license, and remand this matter to the Board for a new hearing.

**VACATED AND REMANDED**