UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA STATE BOARD OF MEDICAL EXAMINERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2744** |
| **ARNOLD E. FELDMAN** | **SECTION I** |

## ORDER AND REASONS

On December 4, 2014, Dr. Arnold E. Feldman ("Dr. Feldman"), filed a notice of removal of an administrative disciplinary proceeding pending against him before the Louisiana State Board of Medical Examiners ("the Board").[1] On December 10, 2014, the Board filed a motion[2] to remand and for attorney's fees and costs, which Dr. Feldman opposes.[3] For the following reasons, the motion to remand is **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

Dr. Feldman is a medical doctor licensed to practice in the State of Louisiana and the owner and medical director of The Feldman Institute, which includes an ambulatory surgery center for pain treatment in Baton Rouge.[4] The Board is established by Louisiana law, *see* La. Rev. Stat. § 37:1263, and is empowered to "take appropriate administrative actions to regulate the practice of medicine in the state of Louisiana," La. Rev. Stat. § 37:1270(A)(1).

---

[1] R. Doc. No. 1.
[2] R. Doc. No. 5.
[3] R. Doc. No. 7. At 4:54 p.m. on Friday, December 12, 2014, Dr. Feldman filed a motion requesting an extension of time to file his opposition to the motion to remand, which was due on Monday, December 15, 2014, at 9:00 a.m. R. Doc. No. 7. Dr. Feldman timely filed his opposition, R. Doc. No. 9, and the motion requesting an extension is dismissed as moot.
[4] R. Doc. No. 9-1, at 41. The Court draws the facts from the Supplemental and Amended Administrative Complaint lodged against Dr. Feldman and the briefing.

1

The administrative proceeding at issue arises out of a referral of a complaint to the Board from the Louisiana Department of Health and Hospitals ("DHH").[5] The referral relates to the death of a patient on February 25, 2013, "during a procedure in which Dr. Feldman was administering a scheduled lumbar epidural injection."[6] According to the allegations in the administrative complaint, anesthesia was administered to the patient by an unlicensed staff member, no registered nurse was on duty, and records were falsified to conceal those lapses.[7] The administrative complaint also alleges that Dr. Feldman (1) failed in his duty of "assuring that all persons performing clinical duties [at his facility] were appropriately licensed and qualified,"[8] (2) "regularly allowed an unlicensed individual, Ms. Bramlett, to independently evaluate and treat his pain pump patients,"[9] and (3) "submitted bills to insurance companies (including Medicare) for services which he did not personally perform, nor was he in direct supervision of."[10]

The administrative complaint alleges that these facts violate various provisions of La. Rev. Stat. § 37:1285(A), which authorizes the Board to "suspend or revoke any license or permit, or impose probationary or other restrictions on any license or permit."[11] The complaint is signed by Dr.

---

[5] R. Doc. No. 9-1, at 42.
[6] R. Doc. No. 9-1, at 42.
[7] R. Doc. No. 9-1, at 42-43.
[8] R. Doc. No. 9-1, at 46.
[9] R. Doc. No. 9-1, at 47.
[10] R. Doc. No. 9-1, at 47.
[11] R. Doc. No. 9-1, at 47-49.  Specifically, the factual allegations are alleged to violate § 37:1285(A)(4) ("Providing false testimony before the board or providing false sworn information to the board"), (A)(6) ("Prescribing, dispensing, or administering legally controlled substances or any dependency-inducing medication without legitimate medical justification therefor or in other than a legal or legitimate manner"), (A)(11) ("Making or submitting false, deceptive, or unfounded claims, reports, or opinions to any patient, insurance company or indemnity association, company, individual, or governmental authority for the purpose of obtaining anything of economic value"), (A)(13) ("Unprofessional conduct"), (A)(14) ("Continuing or recurring medical practice which fails to satisfy the prevailing and usually accepted standards of medical practice in this state"), and

Cecelia Mouton as the complainant,[12] and is brought "in her official capacity as Director of Investigations, appointed by" the Board.[13]

According to his briefing and affidavit, Dr. Feldman believes that he is being persecuted by the Board and the DHH.[14] He draws a sinister conclusion from the fact that a vice president of the Board is a competing anesthesiologist.[15] He perceives "a systematic effort of the Board, the DEA, and the [DHH] to remove from the practice, physicians that treat chronic pain patients, primarily by medication management."[16] As a result, Dr. Feldman "removed this matter to this Court due to his belief that he was denied due process" based on his inability to obtain "all of the records reviewed in his case" from the Board.[17]

## STANDARD OF LAW

The Court has jurisdiction over a removed action if it is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party has the burden to establish the existence of jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which states that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 244 (5th Cir.

---

(A)(18) ("Knowingly performing any act which, in any way, assists an unlicensed person to practice medicine, or having professional connection with or lending one's name to an illegal practitioner").
[12]R. Doc. No. 9-1, at 50.
[13]R. Doc. No. 9-1, at 41.
[14]R. Doc. No. 9, at 1-2; R. Doc. No. 9-1, at 6-8.
[15]R. Doc. No. 9, at 1-2.
[16]R. Doc. No. 9-1, at 13.
[17]R. Doc. No. 9, at 5.

2006). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

## ANALYSIS

The pending motion to remand this state administrative disciplinary proceeding presents many unusual issues. The Board asserts that removal was improper because (1) 28 U.S.C. § 1441 does not authorize removal of administrative proceedings such as this one, (2) the Court lacks subject matter jurisdiction, (3) the Board enjoys sovereign immunity, and (4) the removal was untimely and procedurally defective.[18] The Board also requests an award of attorney's fees and costs.[19] For the reasons set forth below, the Court lacks subject matter jurisdiction, which alone suffices as a basis for granting the motion to remand. The Court declines to decide the other issues, nor does it express any opinion with respect to Dr. Feldman's issues relative to the merits and procedures of the administrative proceeding.

Dr. Feldman appears to articulate two theories for subject matter jurisdiction: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331, based either on a violation of his constitutional rights in the administrative proceeding or through the implication of Medicare regulations in the complaint,[20] and (2) jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. §

---

[18]R. Doc. No. 5-1, at 3-9.  In the alternative, the Board also urges the Court to abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine. R. Doc. No. 5-1, at 9-10.
[19]R. Doc. No. 5-1, at 10-11.
[20]R. Doc. No. 9, at 7.

4

1442(a)(1).[21] These arguments fail.

## A.     Federal Question Jurisdiction

The Court does not have original federal question jurisdiction over the administrative complaint. "A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008) (internal quotation marks and alteration omitted). The complaint alleges that Dr. Feldman violated Louisiana law governing the practice of medicine. Accordingly, federal law does not create the cause of action. *See id.* Nor does the Board's right to relief depend on resolution of a substantial question of federal law; although the complaint alleges that Dr. Feldman submitted improper bills "to insurance companies (including Medicare),"[22] that allegation is framed solely as a violation of Louisiana law.[23] Dr. Feldman does not articulate how

---

[21] R. Doc. No. 9, at 14. In his notice of removal, Dr. Feldman cited additional possible grounds for jurisdiction, which he did not urge again in his opposition to remand. Even if these arguments are not waived, they are unavailing. First, the supplemental jurisdiction statute, 28 U.S.C. § 1367, does not "fill the void" when there is no basis for original jurisdiction. *See Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). Second, the All Writs Act, 28 U.S.C. § 1651, is not an independent basis for jurisdiction. *See Tex. v. Real Parties in Interest*, 259 F.3d 387, 392 (5th Cir. 2001) ("[A]lmost 200 years of Supreme Court precedent establishes that the Act . . . cannot serve as an *independent* basis of jurisdiction."). Third, 28 U.S.C. § 1343(a)(3) is a grant of jurisdiction "over various civil actions based on civil rights violations," not administrative proceedings such as this one. *See Franklin v. State of La.*, 2001 WL 43547, at *1 (5th Cir. Jan. 8, 2001 (per curiam) (holding that 28 U.S.C. § 1343 did not grant subject matter jurisdiction because plaintiff "has not filed a separate federal civil rights claim; he has tried [to] remove[] a state administrative proceeding").

[22] R. Doc. No. 9-1, at 47.

[23] R. Doc. No. 9-1, at 49. Assuming that the Board can enforce federal Medicare regulations, it does not purport to do so in the administrative complaint. *Cf. Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 244 (5th Cir. 2006) ("Thus, the plaintiff is made master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law.").

such allegation is a "substantial question of federal law" which the Board necessarily must resolve.

The Court also does not have removal jurisdiction based on Dr. Feldman's assertions that in the administrative proceeding, the Board unconstitutionally violated his right to due process before being deprived of his license to practice medicine and his right to discovery of exculpatory materials.[24] Jurisdiction must be "presented on the face of the plaintiff's properly pleaded complaint." *Lorenz*, 211 F. App'x at 244. The constitutional issues Dr. Feldman identifies are, at most, defenses to the administrative complaint pending before the Board, and a federal question raised as a defense does not create subject matter jurisdiction for the purposes of removal. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.") (internal quotation marks omitted); *Bank of N.Y. Mellon v. Coleman*, No. 13-105, 2013 WL 466422, at *1 (N.D. Tex. Feb. 6, 2013) ("However, Coleman's due process and civil rights claims arise, if at all, out of her own averments in her notice of removal and not from BNY's Original Petition, as required under the well-pleaded complaint rule.").[25]

---

[24]R. Doc. No. 9, at 12-13.

[25]The Court notes that the plain language of 28 U.S.C. § 1441(a) authorizes removal of "any civil action brought in *a State court*." The Fifth Circuit has not addressed whether the statute allows removal of administrative proceedings such as this one. The persuasive majority of recent circuit court opinions to address this issue conclude that the plain language of § 1441(a) does not authorize removal of administrative proceedings. *See Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1254-55 (10th Cir. 2010) ("Although the Board exercises a judicial function in de-annexation proceedings, it is an administrative rather than a judicial entity. Under the plain language test, it does not fit the definition of a 'state court' for purposes of § 1441(a)."); *Or. Bureau of Labor & Indus. ex rel. Richardson v. U.S. West Commc'ns, Inc.*, 288 F.3d 414, (9th Cir. 2002) ("We therefore hold that 28 U.S.C. § 1441(a) does not authorize removal of proceedings from an administrative agency, regardless of how court-like the proceedings may be."). A leading treatise likewise concludes that § 1441(a) "does not authorize the removal of an administrative proceeding." 14B Wright & Miller, Federal Practice & Procedure § 3721 (4th ed. 2014).

Dr. Feldman cites older cases applying a "functional" test to allow removal of certain

**B.      The Federal Officer Removal Statute**

Dr. Feldman also urges the Court to exercise jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a), based on a counterclaim he intends to file against Dr. Mouton "in her role as prosecutor and investigator working, clearly, with the DEA . . . to investigate and enforce Medicare regulations."[26] This theory fails for a number of reasons.

First, Dr. Feldman has not actually filed a counterclaim against Dr. Mouton. He cites no case suggesting that he can manufacture removal jurisdiction based on a defense that Dr. Mouton could potentially assert in response to a counterclaim he has yet to file. The Court doubts whether such authority exists. *Cf. Metro Ford Truck Sales*, 145 F.3d at 327 ("To hold otherwise would unduly grant a defendant the power to manipulate removal jurisdiction once in federal court, despite overwhelming authority proscribing same.").

Second, even if the Court could consider Dr. Feldman's hypothetical counterclaim as a basis for jurisdiction, and even if that counterclaim implicated Dr. Mouton in some capacity as a federal officer entitling her to assert a federal defense, at most that might allow *Dr. Mouton* to remove the

---

administrative proceedings that resemble judicial proceedings. *See Floeter v. C.W. Transp., Inc.*, 597 F.2d 1100 (7th Cir. 1979); *Volkswagen de P.R., Inc. v. P.R. Labor Relations Bd.*, 454 F.2d 38 (1st Cir. 1972); *Tool & Die Makers Lodge No. 78 v. GE Co. X-Ray Dep't*, 170 F. Supp. 945 (E.D. Wis. 1959). The Court doubts the continued viability of the "functional" test for the reasons recently articulated by the Tenth Circuit in *Porter Trust*. *See* 607 F.3d at 1254 ("More recent authority has rejected or severely limited the 'functional' test in favor of a standard application of the canons of statutory construction."); *see also* 14B Wright & Miller, *supra*, § 3721 ("Federal courts have been reluctant to predicate removal on the theory that administrative proceedings are functionally equivalent to judicial proceedings."). To the extent that there is a genuine circuit split with respect to this issue, and without guidance from the Fifth Circuit, the Court declines to remand on this basis.
    The Court notes that Dr. Feldman also cites *Kolibash v. Committee on Legal Ethics of the West Virginia Bar*, which addressed removal from a state disciplinary proceeding pursuant to 28 U.S.C. § 1442, the federal officer removal statute, not § 1441(a). *See* 872 F.2d 571, 574 (4th Cir. 1989). As will be discussed below, the federal officer removal statute does not apply.
[26]R. Doc. No. 9, at 14.

7

proceeding. Section 1442 authorizes removal by the federal officer who is the subject of a civil action or criminal prosecution in state court, not the party who brought the civil action or criminal prosecution.[27] Following this unique theory, Dr. Feldman is not the federal officer and, therefore, he cannot claim the privilege of the federal officer removal statute. Accordingly, the Court concludes that Dr. Feldman has completely failed to establish that this Court has original jurisdiction over this administrative proceeding based on the federal officer removal statute.

## C.     Attorney's Fees and Costs

In its motion to remand, the Board requests an award of its attorney's fees and costs "incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c).[28] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The removing party's motive for removal is not relevant. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The decision whether to award fees is discretionary. *See Am.*

---

[27]Specifically, the statute states that:
>   (a) A civil action or criminal prosecution that is commenced in a State court and that is *against or directed to any of the following may be removed by them* to the district court of the United States for the district and division embracing the place wherein it is pending:
>   >   (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. . . .

28 U.S.C. § 1442(a)(1) (emphasis added). The statute does not make an action removable in the abstract as Dr. Feldman contends. *See* R. Doc. No. 9, at 14. Rather, an action may be removed "by them" who it is "against or directed to." 28 U.S.C. § 1442(a).
[28]R. Doc. No. 5-1, at 10-11.

*Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012). In its discretion, the Court declines to find that Dr. Feldman "lacked an objectively reasonable basis for seeking removal." The Board's request for an award of fees and costs is therefore denied. Accordingly,

**IT IS ORDERED** that the motion to remand is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** with respect to the Board's request for attorney's fees and costs and **GRANTED** in all other respects. This matter is **REMANDED** to the Louisiana State Board of Medical Examiners.

**IT IS FURTHER ORDERED** that Dr. Feldman's motion with respect to the time to oppose the motion to remand is **DISMISSED AS MOOT**.

New Orleans, Louisiana, December 22, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**