UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA STATE BOARD OF MEDICAL EXAMINERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2744** |
| **ARNOLD E. FELDMAN** | **SECTION I** |

### ORDER

On December 22, 2014, the Court issued an order and reasons[1] granting the motion[2] to remand filed by the Louisiana State Board of Medical Examiners ("the Board") on the basis of lack of subject matter jurisdiction over the administrative disciplinary proceeding removed to this Court by Dr. Arnold E. Feldman ("Dr. Feldman"). Dr. Feldman has now filed a motion[3] for reconsideration of the remand order.[4]

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Because this motion was filed one day after the Court issued the remand order, it will be characterized as a motion to alter or amend the judgment and will be construed pursuant to Rule 59(e). *See Humphries v. Onebeacon Am. Ins. Co.*, No. 13-5426, 2014 WL 722262, at *1 (E.D. La. Feb. 24, 2014) (Africk, J.) (applying Rule 59(e) to motion for reconsideration of order remanding to state court). A motion to alter or amend the

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 5.
[3] R. Doc. No. 11.
[4] The Court will assume for the purposes of this motion that it has jurisdiction to review the remand order based on Dr. Feldman's invocation of 28 U.S.C. §§ 1442 and 1443. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Rule 59 does not provide litigants with a second chance to raise issues that previously could have been addressed. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

The Court has reviewed Dr. Feldman's motion and finds no basis to exercise jurisdiction or to reconsider the order remanding to the Board. *Withrow v. Larkin* is inapposite because it arose from a § 1983 action filed in federal court and not an administrative matter removed to federal court. *See* 421 U.S. 35, 39 (1975). The passing reference to 42 U.S.C. § 11112[6] and the wild speculation that "Mouton must have some special arrangement with the government and the United States Attorney's office which allows her to conduct prosecutions on their behalf"[7] fall woefully short of establishing jurisdiction, for the same reasons stated in the Court's order remanding to the Board. Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, December 24, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. No. 11-1, at 14.
[7] R. Doc. No. 11-1, at 9.